(No. 3125— ■

Rholand E. Duncan, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed December 14, 1937.*

Claimant, pro se.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The complaint in this case alleges that on the 21st day of May, A. D. 1937 claimant's Chrysler sedan was properly parked at a filling station on S. B. I. Route 126 just west of Litchfield, Illinois; that while said car was so parked, one of the employees of the respondent in the Division of Highways, backed an Illinois highway maintenance truck into the same, thereby cutting a hole through the metal right rear door and otherwise damaging such car to the extent of $35.70, for which amount he asks an award.

The Attorney General has moved to dismiss the case on the ground that the State is not liable under the doctrine of respondeat superior for the acts of its servants and agents.

We have repeatedly held that the State in the maintenance of its hard-surfaced roads is engaged in a governmental function, and that in the exercise of such functions, the State is not liable for the negligence of its servants and agents in the absence of a statute making it so liable.

This rule has been stated so often in the decisions of this court that the citation of authorities would seem unnecessary. Numerous authorities are cited in the following cases which support the proposition above announced. *Braun* vs. *State,* 6 C. C. R. 104; *Ryan* vs. *State,* 8 C. C. R. 361; *Durkiewiecz* vs. *State,* No. 2484, decided at the September term, 1937; *Garbutt, Admr.* vs. *State,* No. 2246, also decided at the September term, 1937.

The rule of law which makes a private employer responsible for the negligent acts of his servants and agents in the performance of their duties, does not apply to the State while engaged in the exercise of any of its governmental functions, in the absence of a statute creating a liability for such acts.

This rule is of general application and has been recognized for many years. The liability, if any, rests upon the negligent servant and agent, and not upon the State.

The motion of the Attorney General must therefore be sustained.

Motion allowed. Case dismissed.